BARKDULL, Judge.
The state brings this appeal from an order of the Dade County Circuit Court, which granted a motion to suppress in favor of the movant, defendant Alan Jacobson.
This is a typical Miami International Airport drug courier profile case, in which Officers Johnson and Pearson of the Dade County Public Safety Department Airport Narcotics Detail, while in plainclothes, observed defendant Jacobson and his companion (one Baker) at 12:45 P.M. on July 31, 1979, at the National Airlines Ticket counter. Defendant Jacobson and Baker were inquiring at the ticket counter about a National flight to Los Angeles, a known “narcotics source” city. Because the defendants appeared “obviously nervous and hurried”, were carrying very little luggage for a trip to the west coast, had arrived late at the airport (missing a scheduled flight), and had approached the National Airlines ticket counter holding a Western Airlines ticket, Officers Johnson and Pearson determined, from their long experience in such narcotics matters, to approach the defendants. Officer Johnson approached Baker and Officer Pearson approached defendant Jacobson. Officer Pearson identified himself to Jacobson, who agreed to talk with the officer, agreed to show the officer his airline ticket (a one-way ticket from Miami to Los Ange-les) and his driver’s license, and acknowledged that he was from Florida although he responded to the other police officer (Johnson) that he was from Los Angeles. Jacobson also agreed to allow the officers to search his tote bag which Officer Pearson did, finding nothing, but looking up to notice “the look of sheer fright” on Jacobson’s face. As he saw Officer Johnson handcuffing defendant Baker, Jacobson then proceeded to run out of the terminal; he was pursued and eventually overtaken by Pearson and two uniformed officers who arrested Jacobson and returned him to the terminal. At the terminal, nothing further was found in the tote bag, but a pat-down of Jacobson revealed clear plastic bags (later determined to contain cocaine) attached to his legs.
At the hearing on the motion to suppress the evidence seized, the trial court determined that the initial stop was illegal and that, based on the totality of the circumstances, there was no voluntary consent. He therefore entered an order granting the defendants’ motion to suppress. The State has brought this appeal from the order. We reverse.
Assuming that there was a primary illegality, the evidence with regard to the present seizure shows that it was not effectuated through an exploitation of the illegality, but, rather, by means sufficiently distinguishable to be purged of the primary taint. In Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), it was determined that the exclusionary rule would have no application when “. . . the connection between the lawless conduct of the police and the discovery of the challenged evidence has become so attenuated as to dissipate the taint”. The question of attenuation depends upon the particular facts of each case. In Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939), the doctrine of “attenuation” was established, recognizing the challenged evidence might some time be admissible even if it did not have an “independent source”. In the present case there is no *859 showing of any evidence being produced as a result of the initial stop and subsequent search. It is again noted that the defendant’s flight was not prompted by the illegal stop, but by observing Officer Johnson placing handcuffs on his companion, Baker. The defendant’s attempt to flee created a clear break in the causal chain of events, thereby rendering as immaterial the temporal proximity of the initial illegality to the subsequent seizure. The mere existence of a prior fruitless unlawful search does not taint a subsequent lawful one. See: United States v. Haddad, 558 F.2d 968 (9th Cir. 1977).
Therefore, agreeing that the stop initially was illegal, we reverse finding a break in the causal chain of events, as above set forth, and that the subsequent apprehension (after the defendant attempted to flee) and the contraband recovered as the result of a search incident thereto to be validly obtained.
The order of suppression be and the same is hereby reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded with directions.